UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HASAN RHONE,<br><br>    Plaintiff,<br><br>v.<br><br>HOUSING AUTHORITY OF THE CITY OF OAKLAND,<br><br>    Defendant. | Case No. 18-cv-03114-KAW<br><br>**SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT**<br><br>Re: Dkt. No. 1 |

On May 24, 2018, Plaintiff Hasan Rhone filed this civil action and an application to proceed *in forma pauperis*. Having previously granted Plaintiff's application to proceed *in forma pauperis*, the Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

### I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the

defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.  DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff brings two claims. First, Plaintiff asserts that Defendant violated 42 U.S.C. § 3604 when it did not permit him to exercise his Housing Choice Voucher by giving him an opportunity to move, and for not removing his co-head from his Housing Choice Voucher. (Compl. ¶¶ 63-64.) 42 U.S.C. § 3604 prohibits discrimination related to the sale or rental of a dwelling to a person because of race, color, religion, sex, familial status, or national origin. Plaintiff has failed to plead an adequate claim because Plaintiff alleges no facts that would suggest

2

these decisions were made for a prohibited reason; indeed, it is not clear from the complaint which protected characteristic of Plaintiff was the basis for the alleged discrimination.

Second, Plaintiff brings a procedural due process claim, which also fails. (Compl. ¶ 70.) As an initial matter, Plaintiff cannot bring a constitutional claim on its own because "[t]he Constitution does not provide a basis for imposing civil liability on those who violate the rights granted therein; rather, 42 U.S.C. § 1983 provides a cause of action for such violations." *Evans v. Alliance Funding*, CV 10-3200 MMM (RZx), 2010 WL 11479358, at *7 (C.D. Cal. Aug. 12, 2010); *see also Zepeda v. Schuld*, Case No. 13-cv-5761-KAW, 2017 WL 1833271, at *4 (N.D. Cal. May 8, 2017) ("Constitutional violations, however, are only actionable under § 1983, because they allege a deprivation of federal constitutional or statutory rights for actions under color of law"). In other words, § 1983 is the vehicle that makes the constitutional claims viable. An amended complaint shall therefore clearly state that Plaintiff's constitutional claims are brought under § 1983.

Moreover, Plaintiff fails to allege sufficient facts to state a procedural process claim. For example, Plaintiff alleges that for the January 19, 2017 appeal hearing, he "did not receive the right to know the opposing evidence, have the right to cross examine the adverse witness, or witnesses . . . and the proper opportunity to present reasons for the proposed action not to be taken." (Compl. ¶ 77.) These allegations lack any detail as to Plaintiff's case, and are not sufficient facts that would constitute a denial of an opportunity to be heard. It is also unclear from the remaining allegations what Plaintiff claims to have been the procedural due process violation. For example, Plaintiff asserts facts such as not receiving documentation by certified mail, not receiving a notice by certified mail, and not receiving a determination letter by certified mail; it is not clear if Plaintiff's claim is based on the failure to receive the documents at all, or the failure to receive the documentation or notice in a specific manner. (Compl. ¶¶ 79, 83-84.) Plaintiff also makes several allegations of an unspecified event happening "prior to" particular actions, but the Court cannot tell what that event is and how it relates to a procedural due process violation. (Compl. ¶¶ 73-75, 80-82.)

Thus, the Court finds that Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for all claims, and must do so by filing an amended complaint by **August 3, 2018**. If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

IT IS SO ORDERED.

Dated: July 9, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge